[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has moved pursuant to Delaware v. Franks 438 U.S. 154
(1978) and its progeny for a hearing to determine whether evidence seized pursuant to a search warrant should be suppressed; claiming that the search warrant issued as a result of false statements by the affiant or in the alternative that the affiant exhibited reckless disregard for the truth.
The search warrant in question was signed by Dunnell, J. on February 27, 1997. The affidavit upon which Judge Dunnell relied was signed by Officer Thomas Prue of the Cheshire Police Department. That affidavit contained the following sworn statement:
 "That on or about February 8, 1997, a blood sample of Mark J. Thatcher (DOB 01-13-58) was taken in the regular course of business by the Meriden-Wallingford Hospital for the diagnosis and treatment of an injury or alleged injury and said sample was taken by a person licensed to practice medicine in this state, a qualified laboratory technician, an emergence technician II or a registered nurse."
A hearing on this matter was held before the Honorable William Holden on May 25, 2000, a transcript of that hearing reveals the following exchange:
 "Q My question was do you remember writing in your arrest warrant affidavit and your search warrant affidavit that the blood was taken for purposes of medical diagnosis and treatment?
A Yes CT Page 3398
Q How do you know that?
A How do I know that?
Q How do you know that?
 A You're going to have to help me with this one. How do I know —
 Q How do you know that the blood was taken for purposes of medical evaluation and treatment?
 A I assumed from his injuries that he sustained in the accident.
 Q So you don't have any direct information that this blood was taken for medical purposes of diagnosis and treatment?
A Um.
Q Other than your assumption.
A Right."
The quoted language and other material contained in the transcript make it clear that at best Office Prue was relying on his training and experience and that he had no direct information of any type regarding what happened at the hospital or who took the samples in question.
The search and seizure in this case is pursuant to § 14-227a (1) to obtain a search warrant that section requires that:
 "(3) a police officer has demonstrated to the satisfaction of a judge of the Superior Court that such officer has reason to believe that such person was operating a motor vehicle while under the influence of intoxication liquor or drug or both and that the chemical analysis of such blood or urine sample constitutes evidence of the commission of the offense of operating a motor vehicle while under the influence of intoxicating liquor or drug or both in violation of subsection (a) of this section."
The above quoted language would appear to be the only requirement for CT Page 3399 the judge to issue the search warrant. Nothing in that language requires that the officer applying for the warrant have any knowledge concerning how, when or where the blood was taken. Officer Prue had sufficient knowledge to demonstrate to Judge Dunnell that he had reason to believe that the defendant was operating a motor vehicle and, because of the smell of alcohol, that the defendant was intoxicated and that a blood sample would show this intoxication.
It is true that for the seized evidence to be competent evidence, i.e. "admissible and competent in any subsequent prosecution" the blood sample must be taken for diagnosis or treatment and it must be taken in accordance with certain regulations adopted under this section. Unless the state can prove from some source that the sample was taken for diagnosis purposes and in accordance with applicable regulations, it will not be able to use the blood sample at the trial.
The court agrees with the defendant that there is little or no basis, other than the possibility of training and experience, for the officer's assertion concerning the manner and purpose of blood taking. However, the court is equally convinced that that assertion is gratuitous in the search warrant application. This court is aware of no requirement that a search warrant contain a foundation for the trial admission of evidence at trial in order to render a search warrant valid.
Because in the opinion of the court, the disputed statement is not essential to the validity of the search warrant, there is no right in the defendant to a Franks hearing. The defendant's request for such a hearing is denied.
By the Court,
Kevin E. Booth Judge of the Superior Court